OPINION
{¶ 1} This is an appeal by appellant, state of Ohio/city of Oxford ("city"), from a decision by the Butler County Area I Court granting a motion to suppress evidence. We reverse the judgment of the trial court and remand for further proceedings.
 {¶ 2} On September 27, 2003, at approximately 11:45 p.m., Oxford Police Officer Regina Rapp was on patrol with another Oxford police officer. Officer Rapp was seated in the front passenger's seat of their police cruiser; the other officer was driving.
 {¶ 3} As the officers proceeded down North University Street in Oxford, Officer Rapp observed a female entering the rear driver's side door of a GMC Envoy SUV holding what appeared to be a clear plastic cup filled with beer in her hand. University Street at this location is a one-way street with parallel parking available on both sides of the street. The female subject was entering the SUV from the street on the same side of the street where Officer Rapp was seated in the passenger's side of the police cruiser. The officers stopped the cruiser and Officer Rapp went to investigate.
 {¶ 4} Officer Rapp approached the driver of the SUV and instructed her not to move the vehicle. She then turned to the rear seat passenger that she had seen enter the vehicle with the cup who was later identified as appellee, Tai M. Brannon. The officer asked Brannon to hand her the cup of beer, which Brannon did. Officer Rapp then asked Brannon to step out of the vehicle, which she did. At that time, Officer Rapp observed appellant, Lauren L. Bernath, seated in the middle of the back seat of the vehicle with a bottle of beer between her legs. Officer Rapp asked Bernath to hand her the drink and step out of the vehicle.
 {¶ 5} Officer Rapp then identified Brannon and Bernath as being under 21 years of age and proceeded to issue them citations for underage possession of alcohol. Brannon and Bernath both subsequently filed motions to suppress evidence arguing, inter alia, that there was no lawful cause to stop and detain them, or probable cause to search them, "because the police were acting on an inarticulate hunch."
 {¶ 6} After a hearing, the trial judge granted the motions to suppress, stating that "Officer Rapp's activities, while based on an extremely well-educated hunch, did not rise to the level of reasonable articulable suspicion of criminal activity." The city thereafter timely filed this appeal, together with a certification pursuant to Crim.R. 12(K).
 {¶ 7} The city's assignment of error asserts that the trial court erred by granting the motion to suppress. The city argues that the trial court erred in its application of Terry v. Ohio (1968), 392 U.S. 1,88 S.Ct. 1868, by concluding that the stop and search was unlawful because Officer Rapp's decision to investigate Brannon and Bernath's activities was based upon a mere "hunch." The city maintains that the officer's decision was based upon a reasonable, articulable suspicion of criminal activity, and that the motion to suppress should have been denied.
 {¶ 8} Terry v. Ohio instructs that when determining whether a warrantless search and seizure is reasonable, the test is whether a reasonably prudent person is aware of facts sufficient to warrant a belief that a person has committed or is committing a crime. In determining whether an officer has acted reasonably under the circumstances, "due weight must be given, not to [the officer's] inchoate or unparticularized suspicion or "hunch," but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience." Id. at 392 U.S. 27, 88 S.Ct. 1883.
 {¶ 9} "Since Terry, courts have struggled with the elusive concept of what comprises a reasonable suspicion that someone is engaging in, or about to engage in, criminal activity. Terms like `articulable reasons' and `founded suspicion' are not self-defining; they fall short of providing clear guidance dispositive of the myriad factual situations that arise. Fleshing these terms out, courts have concluded that an objective and particularized suspicion that criminal activity was afoot must be based on the entire picture — a totality of the surrounding circumstances. Furthermore, the circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. A court reviewing the officer's actions must give due weight to his experience and training and view the evidence as it would be understood by those in law enforcement." Statev. Andrews (1991), 57 Ohio St.3d 86, 87-88, (citations omitted).
 {¶ 10} In this case, Officer Rapp, a veteran police officer with special training with regard to DUI and other alcohol-related offenses, observed a young female entering a vehicle with a clear plastic cup of liquid which appeared to be beer. This incident occurred in a college town, Oxford, Ohio, and the female appeared to the officer to be under legal drinking age. At the hearing on the motion to suppress, Officer Rapp testified that she had made hundreds of previous arrests for alcohol-related violations; she estimated that 50 to 60 percent of those arrests were for underage possession, and that approximately 100 of those arrests were for open container violations.
 {¶ 11} The facts of this case indicate that Officer Rapp's decision to detain Brannon and Bernath was not based upon an inchoate or unparticularized suspicion or "hunch," but upon specific and articulable facts which, taken together with rational inferences from those facts, and the officer's extensive experience, reasonably warranted the intrusion. Accordingly, the assignment of error is sustained and the trial court's decision granting the motion to suppress is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion.
Powell, P.J., and Young, J., concur.